O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## AMENDED
## CIVIL MINUTES - GENERAL

| Case No. | CV 09-07359 PSG (CWx) | Date | September 21, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) GRANTING Defendants' Motion to Dismiss**

Before this Court is Defendants' Motion to Dismiss.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving and opposing papers, the Court hereby GRANTS the Motion.

I.    Background

On October 9, 2009, Plaintiff Jonathan Herrera ("Plaintiff") filed a Second Amended Complaint ("Complaint") against Defendants County of Los Angeles, and multiple Camp Paige supervisors and staff, namely Mikell Ballou, Tyrone Perry, Charles Hartarcych, Marcilia Chapman, Randy Herbon, Gerald Espinoza, Jack Moreno, Samuel Rodriguez, Deputy Barlow, Burt Todd, Robert Taylor, Richard Saenz, and Francesca B. Jones (collectively, "Defendants").[1] The Complaint asserts one cause of action under 42 U.S.C. §§ 1983 and 1988 for violation of Plaintiff's Eighth Amendment rights, and a second cause of action for negligence.  Both causes of action are based on allegations that Plaintiff's right ring-finger was bitten by a rattlesnake while Plaintiff was in Defendants' custody at Camp Paige, a Los Angeles County juvenile facility.

---

[1] The original complaint also named Los Angeles County Probation Department as a defendant. On June 7, 2010, however, the Court dismissed Defendant Los Angeles County Probation Department from the action in accordance with Fed. R. Civ. P. 4(m).

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### AMENDED
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-07359 PSG (CWx) | Date | September 21, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles *et al.* | | |

According to the Complaint,[2] on Friday June 27, 2008 - the day before Plaintiff's injury - Defendant Mikell Ballou, a Camp Paige Deputy Probation Officer, was informed of a rattlesnake sighting in the area between a camp dorm and the camp administration building. *SAC* ¶ 7. Although Defendant Ballou did not record the snake sighting, he instructed Defendant Samuel Rodriguez, a Camp Paige maintenance worker, to locate and kill the snake. *SAC* ¶¶ 7-8. After unsuccessfully attempting to apprehend the snake, Defendant Rodriguez left the premises at 2:00 pm that day. *SAC* ¶ 8.

At approximately 6:30 pm on Saturday, June 28, 2008, Defendant Deputy Probation Officer Barlow pulled Plaintiff out of the line of residents in which he was walking, and instructed him to stand in front of the administration building, in the "very same area" where the snake had been seen the day before. *SAC* ¶ 13. Shortly thereafter, Plaintiff was bitten by a rattlesnake (which, as the Complaint represents, was the same rattlesnake sighted the day before). Plaintiff suffered serious injury as a result of the snake bite, including stroke and paralysis. *SAC* ¶ 25.

On June 23, 2010, Defendants filed this motion to dismiss the Complaint.

## II.    Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

---

[2]  The facts set forth in the Background section are taken from the Second Amended Complaint and the parties' motion papers and, for purposes of Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), accepted as true.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**AMENDED**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-07359 PSG (CWx) | Date | September 21, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles *et al.* | | |

In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft,* 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint,"(b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

III.   Discussion

A.   Abstention

On March 19, 2009 – roughly six months before bringing his action in this Court – Plaintiff sued Defendants in California Superior Court, alleging the same facts and claims as discussed above. In light of the pending state action, Defendants contend that the Court should abstain from hearing this case "to avoid piecemeal litigation, waste of judicial resources, and inconvenience of the parties." *Mot.* 5:2-3.

In *Colorado River Water Conservation District v. United States*, the Supreme Court articulated four factors for determining whether sufficiently exceptional circumstances exist to warrant abstention: (1) whether either the state or federal court has exercised jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. 424 U.S. 800, 817-20, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Subsequently, in *Moses H. Cone Memorial Hosp. v.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**AMENDED**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-07359 PSG (CWx) | Date | September 21, 2010 |
|----------|------------------------|------|---------------------|
| Title | Jonathan Herrera v. County of Los Angeles *et al.* | | |

*Mercury Constr. Corp.*, the Court added two more considerations: (5) whether federal or state law controls the decision on the merits; and (6) whether the state court can adequately protect the rights of the parties. 460 U.S. 1, 24-27, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

Although Defendants cite to *Colorado River* as support for their abstention argument, they overlook that *Colorado River* abstention is generally not appropriate in civil rights actions for monetary damages. Rather, as the Ninth Circuit has stated, in such cases the "unflagging obligation" of federal courts to exercise their jurisdiction is "particularly weighty." *Tovar v. Billeyer*, 609 F.2d 1291, 1293;9624;9624 (9th Cir. 1979) (finding that the district court erred in dismissing a section 1983 action based on the *Colorado River* abstention doctrine) ("[C]onflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to the federal relief which section 1983 assures.").

This case – a civil rights action for monetary damages – is no exception to the general rule stated in *Tovar*. Defendants merely offer conclusory allegations that the exercise of concurrent jurisdiction in this case would waste judicial resources. *Mot.* 5:2-3. They fail to identify any unusual or exceptional circumstances which would outweigh this Court's "unflagging obligation" to hear this case and render abstention appropriate.

Defendants further point out that Plaintiff filed an action in state court approximately six months before filing this federal action. But this alone does not merit abstention by this Court. *See Tovar*, 609 F.2d at 1294 (rejecting the argument that a plaintiff's resort to federal courts is barred where he (1) initially seeks relief in a state court and (2) has the opportunity to raise all his state and federal claims in the state court). For these reasons, the Court declines to abstain from hearing this matter.

B.    Plaintiff's Federal Civil Rights Claims under Section 1983

Plaintiff also asserts a cause of action pursuant to 42 U.S.C. Section 1983, alleging that Defendants were deliberately indifference to his health and safety in violation of his Eighth Amendment rights against cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Plaintiff's allegations can be sorted into three separate theories of liability: (i) that Defendants were deliberately indifferent to his health and safety in instructing him to stand in an area where a snake had previously been seen, but not caught; (ii) that Defendants failed to provide adequate medical treatment following Plaintiff's injury, and

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**AMENDED**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-07359 PSG (CWx) | Date | September 21, 2010 |
|----------|----------------------|------|--------------------|
| Title | Jonathan Herrera v. County of Los Angeles *et al.* | | |

Defendants' deliberate indifference to the inadequate treatment amounts to cruel and unusual punishment; and (iii) that Defendants' general policies regarding snakes subjected Plaintiff to a substantial risk of serious harm in violation of the Eighth Amendments.  Defendants contend that the Complaint fails satisfy the pleading requirements with respect to all three of these theories of liability.  As detailed below, the Court agrees.

        1.     <u>Individual Defendant Liability</u>

     In order to establish that Defendants' failure to prevent the snake bite violated his Eighth Amendment rights, Plaintiff must establish that each named defendant acted with "deliberate indifference."  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-1242 (9th Cir. 2010).  Deliberate indifference requires more than negligently failing to exercise due care for prisoner's interests or safety; an official must be subjectively aware that a substantial risk of serious harm exists and deliberately disregard that risk.  *See Farmer,* 511 U.S. at 828; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010); *see also Gibson v. County of Washoe,* 290 F.3d 1175, 1188 (9th Cir. 2002) ("If a person should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk.").  Defendants argue that the Complaint is deficient because it fails to state a plausible claim with respect to the issue of deliberate indifference.  The Court agrees.

     Although the Complaint alleges that some Defendants were aware that a snake had been sighted on the premises on the day before Plaintiff's injury, *SAC* ¶ 4, it fails to state facts suggesting that any individual Defendant acted with the deliberate indifference requisite for a constitutional violation.  With respect to Defendant Barlow, the officer who instructed Plaintiff to stand in the area where he was subsequently bitten, Plaintiff offers no facts suggesting that Defendant Barlow was subjectively aware that his instruction subjected Plaintiff to a serious risk of being bitten by a snake with neurotoxic venom.  *SAC* ¶ 13.

     Similarly, with respect to the two Defendants (Ballou and Rodriguez) who were supposedly aware that a snake had been seen on the premises, Plaintiff merely alleges that they both knew of the possibility that the snake remained at large.  *SAC* ¶ 8.  This allegation falls short of stating a plausible claim that Defendants Ballou and Rodriguez were subjectively aware of a serious risk of harm and were deliberately indifference to that harm.  And, as to the rest of the named Defendants, the Complaint alleges even less.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### AMENDED
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-07359 PSG (CWx) | Date | September 21, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles *et al.* | | |

To the extent that Plaintiff's section 1983 claim against any of the named Defendants rests on a theory of deliberate indifference to medical necessity, the Complaint is similarly flawed. Under the Eighth and Fourteenth Amendments, detainees are entitled to adequate medical care. *See Doty v. County of Lassen,* 37 F.3d 540, 546 (9th Cir. 1994). Inadequate medical treatment only rises to the level of a constitutional violation where a plaintiff can establish (1) a serious medical need; (2) that Defendants were subjectively aware of his serious medical need and deliberately failed to respond; and (3) that the harm Plaintiff suffered was both the legal and proximate cause of Defendants' indifference. *See Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2010).

Not only does the Complaint fail to provide any factual specification as to the medical treatment Plaintiff received, it fails to state a plausible claim that the harm Plaintiff suffered was a result of Defendants' deliberate indifference to his medical emergency. Rather, Plaintiff appears to regard the absence of anti-venom serum as prima facie evidence of a constitutional violation. No authority is cited in support of this proposition, however; nor does Plaintiff cite any policy requiring Defendants to maintain anti-venom serum on the premises.

Because Plaintiff's claims allegations are too vague and conclusory to support a claim for deliberate indifference to either (a) the substantial risk of serious harm he may have suffered by standing in front of the administration building; or (b) his serious medical necessity after being bitten by the snake, Plaintiff's cause of action under 42 U.S.C. § 1983 against all individual Defendants is dismissed with leave to amend.

### 2. Municipal Liability

Defendants also argue that Plaintiff's section 1983 cause of action against Defendant County of Los Angeles fails to sufficiently allege that the wrongs suffered by Plaintiff were committed pursuant to an official policy and/or that the policy described in the Complaint amounts to indifference to Plaintiff's constitutional rights. *Mot.* 11-14. Again, the Court agrees.

It is well settled that a local government entity may not be held liable on a section 1983 claim solely because it employs a tortfeasor. *See Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). Rather, for a government entity to be liable, the tortfeasor must be an employee "acting in accordance with official policies, including unwritten customs." *Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**AMENDED**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-07359 PSG (CWx) | Date | September 21, 2010 |
|----------|------------------------|------|---------------------|
| Title | Jonathan Herrera v. County of Los Angeles *et al.* | | |

(citations omitted).  Courts have recognized two distinct theories of municipal liability under section 1983; as detailed below, Plaintiff fails to state a plausible claim under either one.

a. <u>Municipal Liability for Unconstitutional Policies or Practices</u>

First, a municipality can be found liable under section 1983 where the plaintiff can establish that the municipality's practices or policies violated his constitutional rights or that the municipality directed its employee to do so.  *See Price v. Sery*, 513 F.3d 962, 966 (9th Cir.2008) (plaintiffs may "establish municipal liability by demonstrating that ... the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity."); *see, e.g., Redman v. County of San Diego*, 942 F.2d 1435 (9th Cir.1991) (en banc) (holding that a county policy that policymakers knew would place aggressive and passive homosexuals in the same jail cell violated the passive homosexual's Fourteenth Amendment right to personal security).  As with individual defendants, to establish that a municipality violated someone's constitutional rights, a plaintiff must prove that the municipality acted with deliberate indifference.  In other words, Plaintiff must allege that Defendant County of Los Angeles (1) had a policy that subjected him to a substantial risk of serious harm; and (2) known that its policy posed this risk.  *See Farmer*, 511 U.S. at 837.

Plaintiff fails to allege the existence of any specific policy that amounts to a constitutional violation.  In fact, the only policy mentioned in the Complaint is one designed to *protect* the detainees from snakes.  *SAC* ¶ 17 ("Camp policy provided that when a snake was cited [sic], camp personnel are supposed to identify where the snake is, bring it to the supervisor's attention, peruse the area, locate the snake, and chop off the head of the snake.").  Therefore, Plaintiff cannot state a claim under this theory of municipal liability.

b. <u>Municipal Liability for Omissions</u>

A municipality can also be liable under section 1983 for acts of "omission," such as a failure to adequately train employees, when (1) the omissions amount to the local government's own official policy; and (2) the omissions amount to deliberate indifference to a constitutional right.  *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010).  This standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**AMENDED**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-07359 PSG (CWx) | Date | September 21, 2010 |
|----------|------------------------|------|---------------------|
| Title | Jonathan Herrera v. County of Los Angeles *et al.* | | |

*Harris,* 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).  "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality - a 'policy' as defined by our prior cases - can a city be liable for such a failure under § 1983." *Id.* at 389.  Further, under *Canton*, a failure to train can only constitute "a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." *Id.* at 390.

The Complaint fails to allege facts sufficient to state a claim under these principles. Plaintiff repeatedly asserts that Defendants received "absolutely no training whatsoever regarding what to do when snakes were present at the camp." *SAC* ¶ 16.  But even if the Court were to assume that the need for training regarding snakebite prevention and emergency response was obvious in light of prior snake sightings at Camp Paige, the Complaint is nonetheless fatally deficient because it fails to allege that the harm Plaintiff suffered resulted from Defendants' failure to train its employees, and that such failure amounts to deliberate indifference.

Accordingly, as the Court finds that Plaintiff has not met his burden of pleading facts to support a plausible section 1983 claim against Defendant County of Los Angeles, the claim is dismissed with leave to amend.

B.      Plaintiff's Negligence Claim

Plaintiff's negligence cause of action asserts that Defendants failed to take reasonable measures to protect Plaintiff from snakes and failed to adopt reasonable medical procedures to treat snake bites, such as ensuring that anti-venom serum was available on-site.  *SAC* ¶¶ 28-30. Defendants contend that Plaintiff's negligence claim is barred by the six-month statute of limitations set forth in the California Tort Claims Act (the "CTCA").  *Mot.* 5:15-25.  The Court agrees.

Pursuant to the CTCA, a tort claim against a public entity or public employee must be filed with the public entity before the action is brought.  *See Cal. Gov't Code* §§ 945.4, 950.2. Section 945.6 further provides that any suit brought against a public entity must be commenced within six months after a plaintiff's claim was rejected by the municipality.  *Id.* at § 945.6; *see also id.* at § 950.6 (b) ("A suit against the public employee or former public employee for such injury must be commenced within the time prescribed by Section 945.6 for bringing an action against the public entity.").

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## AMENDED
## CIVIL MINUTES - GENERAL

| Case No. | CV 09-07359 PSG (CWx) | Date | September 21, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles *et al.* | | |

Defendants represent that the municipality rejected Plaintiff's claim on February 9, 2009. *Mot.* 5:21-24. Approximately eight months then passed before the Plaintiff brought this action on October 9, 2009. *Id.* As Plaintiff fails to dispute that his negligence claim is barred by the CTCA's six-month statute of limitations, the Court need not address additional arguments raised by Defendants against that claim. The Court dismisses Plaintiff's second cause of action with leave to amend, noting that any future pleadings must adequately allege that this Court has jurisdiction over this claim.

IV.    <u>Conclusion</u>

Therefore, for the foregoing reasons, Defendants' motion to dismiss is GRANTED, and the Complaint is dismissed with leave to amend. Additionally, the Court wishes to take the opportunity to call attention to Plaintiff's excessive use of block quotations and improper typeface in its Opposition to Defendants' Motion, which essentially renders meaningless the Court's page limitations and double-spacing requirements. *See Standing Order* § 5(c). Plaintiff is hereby on notice that failure to comply with the requirements set forth in the Court's Standing Order will result in sanctions.

**IT IS SO ORDERED.**