O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#49
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7359 PSG (CWx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):    Attorneys Present for Defendant(s):

Not Present    Not Present

**Proceedings:**  (In Chambers) GRANTING Defendants' Motion to Dismiss the Third Amended Complaint

Before the Court is Defendants' Motion to Dismiss the Third Amended Complaint ("TAC"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the Motion.

I. Background

On October 12, 2010, Plaintiff Jonathan Herrera ("Plaintiff") filed a Third Amended Complaint ("TAC") against the County of Los Angeles, and multiple Camp Paige supervisors and staff, namely Mikell Ballou, Tyrone Perry, Charles Hartarcych, Marcilia Chapman, Randy Herbon, Gerald Espinoza, Jack Moreno, Samuel Rodriguez, Deputy Barlow, Burt Todd, Robert Taylor, Richard Saenz, and Francesca B. Jones (collectively, "Defendants"). The TAC asserts one cause of action under 42 U.S.C. § 1983 based on allegations that Plaintiff's right ring-finger was bitten by a rattlesnake while Plaintiff was in Defendants' custody at Camp Paige, a Los Angeles County juvenile detention facility.[1]

---

[1] The Court incorporates by reference the factual background as set forth in its September 21, 2010 Order granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. Also, although prior versions of the Complaint included a negligence claim, the parties agreed to pursue that cause of action in state court. TAC ¶ 38.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#49
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-7359 PSG (CWx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles, et al. | | |

    According to the TAC, on Friday June 27, 2008 - the day before Plaintiff's injury - Defendant Mikell Ballou, a Camp Paige Deputy Probation Officer, was informed that a rattlesnake had been sighted in the area between a camp dorm and the camp administration building. *TAC* 15:1-5.  Defendant Ballou instructed Defendant Samuel Rodriguez, a Camp Paige maintenance worker, to locate and kill the snake. *TAC* 15:24-28. After unsuccessfully attempting to apprehend the snake, Defendant Rodriguez allegedly left the premises at 2:00 p.m. that day. *TAC* 15:24-27.

    At approximately 6:30 p.m. the following day, Defendant Deputy Probation Officer Barlow pulled Plaintiff out of a line of residents and instructed him to stand in front of the administration building, "in the very same area where a snake had been seen the day before." *TAC* 30:5-12.  The TAC further alleges that Defendant Espinoza heard another minor tell Plaintiff to "watch out for a snake," but "taking it as a joke," Espinoza remained inside the office "without warning the plaintiff or other minors." *TAC* 10:10-20.  Shortly thereafter, Plaintiff was bitten by a rattlesnake (which the TAC represents was the same rattlesnake sighted the day before). Plaintiff suffered serious injury as a result of the snake bite, including stroke and paralysis. *TAC* ¶ 25.

    On October 26, 2010, Defendants moved to dismiss the TAC, arguing *inter alia* that Plaintiff failed to state a cause of action under Section 1983 based on an alleged violation of his Eight Amendment rights.

II.    <u>Legal Standard</u>

    Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#49
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7359 PSG (CWx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles, et al. | | |

550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint,"(b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

III. Discussion

Plaintiff's Third Amended Complaint asserts one cause of action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his health and safety in violation of his Eighth and Fourteenth Amendment rights. *TAC* ¶ 24. On September 21, 2010, the Court dismissed Plaintiff's Second Amended Complaint on grounds that Plaintiff failed to plead facts to support a Section 1983 claim against any of the named Defendants. *See* Dkt. #40. In moving to dismiss the TAC, Defendants argue that the TAC does not add anything to the substantive claims. *Mot*. 2:17. Plaintiff, in contrast, contends that the TAC alleges sufficient facts to conform with the Court's ruling. *Opp*. 1:4-11.

A. Applicable Legal Standard

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#49
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7359 PSG (CWx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles, et al. | | |

     As stated in the Court's prior Order, in order to establish a constitutional violation Plaintiff must establish that each named defendant acted with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Deliberate indifference requires more than negligently failing to exercise due care for prisoner's interests or safety; an official must be subjectively aware that a substantial risk of serious harm exists and deliberately disregard that risk. *See Farmer*, 511 U.S. at 828; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010); *see also Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002) ("If a person should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk.").

     Plaintiff argues that the Eighth Amendment deliberate indifference standard is inappropriate in this case because "minors are afforded greater protection than incarcerated adults." *Opp*. 16:8-9; *TAC* 8:1-2. According to Plaintiff, because this action involves a minor confined at a juvenile detention facility, the more liberal Fourteenth Amendment standard should govern the Court's analysis. However, not only is the Court unpersuaded by Plaintiff's reliance on cases involving mentally incapacitated plaintiffs in support of this claim, *see e.g., Youngberg v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28, the Court finds Plaintiff's position inconsistent with binding Ninth Circuit precedent. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010) (applying a deliberate indifference standard to a Section 1983 claim based on a correction facility officials' failure to address the medical needs of a pretrial detainee).

     Moreover, unlike in cases where the Fourteenth Amendment standard was applied, *see, e.g., Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987) (analyzing the constitutional claims of wards incarcerated at a Oregon juvenile facility under the Fourteenth Amendment where wards had not been convicted of a crime and their confinement was solely for noncriminal and non-penal purposes), Plaintiff was confined to the detention center following a judicial determination that he broke the law.[2] *Reply* 10:3-14; *see also Stevens v. Harper*, 213 F.R.D.

---

[2] The TAC is silent regarding the specific nature of Plaintiff's confinement at Camp Paige, alleging no facts to suggest that Plaintiff was a pretrial detainee who had yet to be found guilty of violating a law. It does assert, however, that Plaintiff was placed at Camp Paige. Under California Welfare and Institution Code §§ 602, 880-81, this allegation suffices to establish that Plaintiff was committed to the Camp following a judicial determination that he violated the law.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#49**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7359 PSG (CWx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles, et al. | | |

358, 374 (E. D. Cal., Sept. 11, 2002) (holding that allegations of abuse by deaf youth in California Youth Authority custody stated a cognizable claim against CYA under Eighth Amendment). Thus, for the foregoing reasons, the Court rejects Plaintiff's contention that his status as a juvenile renders the Eighth Amendment deliberate indifferent standard inapplicable to this case.

      B.      <u>Sufficiency of Allegations Against Individual Defendants</u>

Plaintiff's Third Amended Complaint, like his prior pleadings, fails to state a plausible claim against the individual defendants named in this action. Neither generalized allegations that Defendants knew that there was a snake on the premises, *see TAC* 8:22-25, nor conclusory assertions that Defendants "should have known" of a risk, *see TAC* ¶ 15, adequately allege a cause of action under Section 1983. And, notwithstanding the additional deposition testimony Plaintiff inserted into the pleadings, as detailed below, the TAC fails to sufficiently allege that each named defendant was subjectively aware that a substantial risk of serious harm existed with regard to snakes, and that each named defendant deliberately disregarded that risk.

      1.      *Defendants Perry, Hatarchych, Moreno, and Saenz*

First, the Court notes that, pursuant to Plaintiff's request, Defendants Tyrone Perry, Charles Hartarcych, Jack Moreno, and Richard Saenz are DISMISSED from this action. *TAC* ¶ 4. Although Plaintiff requests they be dismissed without prejudice, given that Plaintiff concedes he cannot state a claim against these Defendants, the Court disagrees and finds that dismissal with prejudice is appropriate.

      2.      *Defendant Mikell Ballou*

Plaintiff alleges that Defendant Ballou, a Deputy Probation officer and acting supervisor at the time of the incident, knew a snake had been seen in the area, assigned Defendant Rodriguez to look for it, and did not follow up once it was reported to him that the snake had not been caught. *TAC* 15:5-10. However, the allegations relating to Ballou in the TAC primarily concern Ballou's alleged lack of training. *See, e.g., TAC* 16:17-28. There is no allegation that Ballou was actually aware that Plaintiff had been placed in the area where a snake had been

---

*See* West's Ann. Cal. Welf. & Inst. Code §§ 602, 880-81.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#49
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7359 PSG (CWx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles, et al. | | |

sighted, let alone that Ballou was responsible for placing Plaintiff there. Moreover, the TAC alleges that Ballou made an announcement about the snake sighting at the dining hall on Friday night. *TAC* 19:21-26. Based on these allegations, it is clear that Defendant Ballou did not act with the deliberate indifference required for a constitutional violation. Accordingly, Defendant Ballou is DISMISSED with prejudice from this action.

### 3. *Defendant Deputy Barlow*

The TAC also fails to allege that Deputy Barlow, the defendant who placed Plaintiff in the area where he was ultimately bitten, knew that the area in which he told Plaintiff to stand was the same place a snake was sighted a day before. At best, Plaintiff alleges that Barlow was aware that the snake had been seen somewhere on the premises. *TAC* 30-5:16. Further, Plaintiff now alleges that incident occurred approximately twenty feet away from the place where the snake had been sighted the previous day. *TAC* 20:22-24. Thus, even if Barlow was actually aware of the location where the snake had been sighted the prior day, allegations that Plaintiff was told to stand twenty feet away from that site are not enough to state a cause of action under Section 1983 for violation of Plaintiff's Eighth Amendment rights. Accordingly, Plaintiff's claim against Defendant Barlow is DISMISSED with prejudice.

### 4. *Defendant Gerald Espinoza*

Plaintiff now asserts that Defendant Espinoza was aware of the snake because about ten minutes before Plaintiff was bitten, another minor ward "stated words to the effect of 'watch out for the snake.'" *TAC* 10:10-20. According to the TAC, Espinoza was "the only [probation officer] that could have released Plaintiff," and yet "chose to and did do nothing, taking it as a joke, and remained inside the office without warning the plaintiff or other minors...." *Id.* This too is insufficient to state a claim that Espinoza was deliberately indifferent to Plaintiff's constitutional rights. At most, it sounds in negligence. Plaintiff alleges no facts to show that Espinoza played any part in ordering Plaintiff to stand in the location where he was eventually bit. Nor does the TAC allege any facts suggesting that Espinoza was aware that the snake was previously seen 20 feet away from where the Plaintiff was standing, as would have corroborated

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#49**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7359 PSG (CWx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles, et al. | | |

the other minor's statement.[3] Thus, for the foregoing reasons, the Court DISMISSES Defendant Espinoza with prejudice from this action.

        5.     *Defendant Samuel Rodriguez*

The TAC alleges that Defendant Rodriguez looked for a snake the day before the incident, but did not find it. *TAC* 15:7-8. Allegations of Defendant Rodriguez's unsuccessful efforts to locate the snake do not amount to facts showing the deliberate indifference requisite to liability under Section 1983. Thus, Defendant Rodriguez is DISMISSED with prejudice from this action.

        6.     *Remaining Individual Defendants*

With respect to the rest of the named Defendants, namely Todd, Taylor, Herbon, Chapman, and Jones, the TAC alleges even less facts to support a cause of action under Section 1983. None of these Defendants are alleged to have been personally involved in the snake bite incident. Rather, the allegations against all of these Defendants relate to alleged failures to implement protective measures, *see, e.g., TAC* 29:25-28, or develop and effectuate safety policies regarding snakes, *see, e.g., TAC* 27:13-21. Again, at best, these allegations support a negligence claim; and deliberate indifference requires more than negligently failing to exercise due care.

Thus, because the Court concludes that Plaintiff has failed to allege that any named Defendant was subjectively aware that a substantial risk of serious harm existed and deliberately disregarded that risk, Plaintiff's cause of action under 42 U.S.C. § 1983 against all individual Defendants is DISMISSED without leave to amend.

---

[3] Although the Court takes allegations in the TAC as true, as is proper on a motion to dismiss, it bears mention that inconsistencies in the pleadings present logical challenges in this endeavor. For instance, while the Court is willing (for purposes of this motion) to accept that Defendant Espinoza actually heard the other minor ward tell Plaintiff to "watch out for the snake," the TAC makes no attempt to reconcile its assertion that the other minor was "sitting outside near the plaintiff," *TAC* 10:11, with its assertion that Espinoza "remained inside the office" after allegedly hearing the warning. *TAC* 10:13.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#49
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7359 PSG (CWx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles, et al. | | |

C. <u>Sufficiency of Allegations Against Municipal Defendants</u>

As stated in the Court's September 21 Order, a local government entity may not be held liable on a section 1983 claim solely because it employs a tortfeasor. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). Rather, for a government entity to be liable, the tortfeasor must be an employee "acting in accordance with official policies, including unwritten customs." *Shah v. County of Los Angeles,* 797 F.2d 743, 746 (9th Cir. 1986) (citations omitted). Courts have recognized two distinct theories of municipal liability under section 1983: municipal liability for unconstitutional policies and practices and municipal liability for omissions. *See* Dkt. #40. For the same reasons set forth in the Court's prior Order, Plaintiff fails to state a plausible claim under either theory.

1. *Municipal Liability for Unconstitutional Policies or Practices*

First, a municipality can be found liable under section 1983 where the plaintiff can establish that the municipality's practices or policies violated his constitutional rights or that the municipality directed its employee to do so. *See Price v. Sery*, 513 F.3d 962, 966 (9th Cir.2008) (plaintiffs may "establish municipal liability by demonstrating that . . . the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity."). Thus, Plaintiff must allege that Defendant County of Los Angeles (1) had a policy that subjected him to a substantial risk of serious harm; and (2) known that its policy posed this risk. *See Farmer*, 511 U.S. at 837.

Here, however, Plaintiff has failed to allege any policy that deprives him of his constitutional rights. To the contrary, the TAC asserts facts supporting a snake-related policy designed to *protect* Plaintiff. *See Opp.* 7:26-27. Throughout the TAC, Plaintiff identifies the measures taken by Defendants to protect and to provide warnings to minors about the presence of the snakes. Specifically, he alleges: (1) that whenever a snake was caught, "a notice [was put] . . . that a snake had been killed[,]" *TAC* 24:4-9; (2) that a dining hall announcement had been made to the minors after the sighting the day before the incident, *TAC* 19:3-26; (3) that a sign inside or outside the dormitory warned about the presence of snakes, *TAC* 20:24-21:3; and (4) that "[e]very kid is instructed that when a snake is there, that they stay away from it, to notify one of the adults, staff members, that they have seen a snake[,]" *TAC* 23:21-23. In light of these allegations, Plaintiff cannot state a cause of action under Section 1983 arising from this theory of municipal liability.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#49
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7359 PSG (CWx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles, et al. | | |

2. *Municipal Liability for Omissions*

A municipality can also be liable under Section 1983 for acts of "omission," such as a failure to adequately train employees, when (1) the omissions amount to the local government's own official policy; and (2) the omissions amount to deliberate indifference to a constitutional right. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). This standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality - a 'policy' as defined by our prior cases - can a city be liable for such a failure under § 1983." *Id*. at 389. Further, under *Canton*, a failure to train can only constitute "a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." *Id.* at 390.

Contrary to Plaintiff's claim that the TAC sufficiently alleges a constitutional violation in Defendants' lack of snake-related training, *see Opp*. 1:16-19; 4:1-3, the Court finds that the additional deposition testimony inserted into the TAC offers nothing beyond the allegations asserted in the SAC. Moreover, the TAC is still deficient with respect to the issue of causation. That is, Plaintiff fails to allege sufficient facts showing that Plaintiff's harm actually resulted from Defendants' deliberate indifference, or that that any additional training would have impacted the harm he suffered.

Accordingly, as the Court finds that Plaintiff has not met his burden of pleading facts to support a plausible Section 1983 claim against Defendant County of Los Angeles, the claim is DISMISSED with prejudice.

IV.  Conclusion

Therefore, because Plaintiff has not stated a plausible cause of action under Section 1983, Defendants' motion to dismiss is GRANTED. At this stage in the proceedings, the Court is satisfied that the deficiencies in the TAC cannot be cured by further opportunity to amend. Therefore, dismissal without leave to amend is appropriate. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#49**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7359 PSG (CWx) | Date | December 17, 2010 |
|---|---|---|---|
| Title | Jonathan Herrera v. County of Los Angeles, et al. | | |

**IT IS SO ORDERED.**